**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **OTIS MERRITT, ID # 1416290,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:13-CV-3423-O  (BH) |
| ) | |
| **WILLIAM STEPHENS,[1] Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**I.  BACKGROUND**

Otis Merritt (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 26, 2013. The respondent is William Stephens, Director of TDCJ-CID.

On February 12, 2004, Petitioner pled guilty and was placed on deferred adjudication in five forgery cases and one theft case. (Pet. at 2; *see also* www.tdcj.state.tx.us, search for petitioner). On December 5, 2006, Petitioner's deferred adjudication probation was revoked in all six cases, and he was sentenced to 10 years imprisonment in each case. (Pet. at 6; www.tdcj.state.tx.us, search for petitioner). He did not appeal these convictions and did not file any state habeas applications

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner.  Because petitioner challenges his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him.  TDCJ-CID Director William Stephens is therefore substituted as respondent in this case.

challenging these convictions. (Pet. at 3-4).

Petitioner asserts in his federal petition that he is being unlawfully detained because he has not been properly awarded back time in his cases, and that as a result, TDCJ is requiring him to serve stacked sentences rather than the concurrent sentences imposed by the trial court. (Pet. at 6-7). He claims that he was not aware that he has not been credited for all of his back time correctly until April 12, 2013, when his wife sent him a copy of the relevant documents. (Pet. at 9).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented the claims in his federal petition to the Court of Criminal Appeals. In Texas, a prisoner exhausts a time-credit claim by first exhausting his administrative remedies by filing a time-credit dispute resolution (TDR) with TDCJ pursuant to TEX. GOVT. CODE ANN. § 501.0081 (West 2004). Then, if his time-credit claim is not resolved to his satisfaction administratively, he must file a state habeas application with the Court of Criminal Appeals. *See Walters v. Quarterman*, 258 Fed. App'x 697, *1 (5th Cir. Dec. 13, 2007); *see also Ellison v. Scott*, 71 F.3d 875 (5th Cir. 1995) (a challenge that an inmate has been denied proper time credits is made through a state habeas application filed in the Court of Criminal Appeals).

Petitioner has not filed a state application for writ of habeas corpus with respect to his time-credit claims. (Pet. at 3-4; *see* www.cca.courts.state.tx.us, search for petitioner) The Court of Criminal Appeals has therefore not had an opportunity to review the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 27th day of August, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE